UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   5:25-cv-01899-SPG-AJR | Date:  September 16, 2025 |
| | Page 1 of 5 |

Title:   Johanna Delgado v. People of The State of California

---

DOCKET ENTRY: **ORDER REQUIRING PETITIONER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED BASED ON ABSTENTION AND BECAUSE THE PETITION IS WHOLLY UNEXHAUSTED**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** (IN CHAMBERS)

## I.    BACKGROUND

On July 24, 2025, *pro se* Petitioner Johanna Delgado ("Petitioner"), a pretrial detainee, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Dkt. 1 at 1.)[1] According to the Petition and state court records available electronically,[2] Petitioner is a pretrial detainee at the Robert Presley Detention Center

---

[1] Because the Petition, attachments thereto, and separately filed Memorandum of Points and Authorities do not bear consecutive numbers, the Court uses the CM/ECF pagination.

[2] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     5:25-cv-01899-SPG-AJR               Date: September 16, 2025
                                                 Page 2 of 5

Title:       Johanna Delgado v. People of The State of California

awaiting trial on state criminal charges in Riverside County Superior Court Case No. BAM2400286.  (Id. at 1-2); Riverside County Superior Court ("Superior Court Website") at https://epublic-access.riverside.courts.ca.gov/public-portal/.  Although the Petition is not entirely clear, Petitioner appears to assert constitutional violations arising from Petitioner's arrest, detention, and the conditions of her confinement. (Dkt. 2 at 1-9.)  A review of the Petition reveals that Petitioner has not exhausted her claims in the California Court of Appeal or California Supreme Court.  (Dkt. 1 at 2-4.)

For the reasons discussed below, Petitioner is ordered to show cause why this action should not be dismissed based on the doctrine of abstention and because Petitioner has not exhausted state judicial remedies.

I.     DISCUSSION

Habeas petitions brought under 28 U.S.C. § 2241, are subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254.  See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254).  Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).  Moreover, federal courts have a continuing duty to evaluate their own jurisdiction.  See, e.g., Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).

A.     **The Petition Appears To Be Subject To Dismissal Based On The Doctrine Of Abstention.**

As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable

---

Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES – GENERAL**</u>

| | |
|---|---|
| Case No.    5:25-cv-01899-SPG-AJR | Date:  September 16, 2025 |
| | Page 3 of 5 |

Title:    <u>Johanna Delgado v. People of The State of California</u>

harm is both great and immediate.  See <u>Younger v. Harris</u>, 401 U.S. 37, 45-46 (1971); accord <u>World Famous Drinking Emporium, Inc. v. Tempe</u>, 820 F.2d 1079, 1082 (9th Cir. 1987) ("In <u>Younger v. Harris</u>, the Supreme Court held that federal courts should not enjoin pending state criminal proceedings except under extraordinary circumstances where the danger of irreparable loss is both great and immediate.").  <u>Younger</u> abstention is required in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims.  See <u>Middlesex County Ethics Comm. v. Garden State Bar. Ass'n.</u>, 457 U.S. 423, 432 (1982); <u>accord</u> <u>Commc'ns Telesystems Int'l v. Cal. Pub. Util.</u>, 196 F.3d 1011, 1015 (9th Cir. 1999).

Here, all three criteria for <u>Younger</u> abstention appear to be satisfied.  First, Petitioner's criminal prosecution in the Riverside County Superior Court appears to be ongoing.  (Dkt. 1. at 1-2.)  Second, the proceedings appear to implicate important state interests in the order and integrity of its criminal justice system.  See, e.g., <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").  Third, the ongoing state proceedings appear to provide adequate opportunities to litigate Petitioner's federal claims.  See <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); <u>Hansel v. Town Ct. for Town of Springfield, N.Y.</u>, 56 F.3d 391, 394 (2d Cir. 1995) ("So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for <u>Younger</u> purposes.").

Moreover, Petitioner has not demonstrated that any extraordinary circumstances exist where the danger of irreparable harm is both great and immediate.  Accordingly, the Petition appears to be subject to dismissal without prejudice to refiling after completion of the state proceedings or until Petitioner can demonstrate that <u>Younger</u> abstention no longer applies.  See <u>Beltran v. California</u>, 871 F.2d 777, 782 (9th Cir. 1988) ("Where <u>Younger</u> abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    5:25-cv-01899-SPG-AJR | Date:  September 16, 2025 |
| | Page 4 of 5 |

Title:        Johanna Delgado v. People of The State of California

the action, and render a decision on the merits after the state proceedings have ended.  To the contrary, Younger abstention requires dismissal of the federal action.");  see also Roberts v. Dicarlo, 296 F. Supp. 2d 1182, 1184-85 (C.D. Cal. 2003) (dismissing habeas petition without prejudice based on Younger abstention); Solano v. Montgomery, 423 F. Supp. 3d 826, 831 (C.D. Cal. 2019) (same).

### B.    The Petition Also Appears To Be Subject To Dismissal Based On The Lack Of Exhaustion.

Although habeas petitions challenging pretrial detention under 28 U.S.C. § 2241 are not subject to a statutory exhaustion requirement, principles of federalism and comity generally require federal courts to abstain from hearing pretrial habeas challenges unless the petitioner has first exhausted available state judicial remedies.  See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) ("As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."); Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004) ("[W]e require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." (internal quotation and citation omitted)).  A federal court may raise a habeas petitioner's failure to exhaust state remedies *sua sponte*.  See Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended).  The petitioner has the burden of demonstrating she has exhausted available state remedies.  See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (*per curiam*).

Here, it is clear from the Petition that Petitioner has not exhausted her state remedies.  (Dkt. 1 at 2-4.)  Petitioner has not yet been convicted in the Riverside County Superior Court or sought direct review in the California Court of Appeal.  (Id. at 1-2.)  Petitioner also has not filed a state habeas petition in the California Court of Appeal.  (Id.); see also https://appellatecases.courtinfo.ca.gov/ (search "BAM2400286") (last accessed September 10, 2025).  Furthermore, Petitioner has not filed a habeas petition in the California Supreme Court.  See https://appellatecases.courtinfo.ca.gov/ (search "Delgado, Johanna) (last accessed September 10, 2025).  Given Petitioner's failure to seek any relief in the state courts, considerations of comity and federalism preclude Petitioner from proceeding to federal court without first exhausting her claims in state court.  See Rose v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    5:25-cv-01899-SPG-AJR | Date:  September 16, 2025 |
| | Page 5 of 5 |

Title:      Johanna Delgado v. People of The State of California

Lundy, 455 U.S. 509, 518-19 (1982).

### III.  CONCLUSION

Petitioner is ORDERED TO SHOW CAUSE on or before **October 16, 2025**, why this Court should not recommend that this action be dismissed without prejudice based on the doctrine of abstention and because Petitioner has not exhausted her state remedies. Indeed, the Court notes that a District Judge of this Court has previously remanded a similar action filed by Petitioner where she tried to remove the state criminal prosecution against her into federal court.  (See Case No. EDCV 24-147-KK, Dkts. 1-2.)  Petitioner acknowledges the prior remand order, but simply contends that the District Judge was biased and incorrect, without evidence.  (Dkt. 2 at 1-2.)  Petitioner may discharge this Order to Show Cause by filing a declaration, under oath, describing why the doctrine of abstention does not apply and/or describing her efforts to exhaust the instant claims in the California courts.  Alternatively, Petitioner may file a declaration explaining to the Court why she should be excused from having to exhaust her claims.

**Petitioner is expressly cautioned that failure to timely respond to this Order to Show Cause will result in a recommendation that this action be dismissed with or without prejudice for failure to prosecute and obey court orders under Federal Rule of Civil Procedure 41(b).**  If Petitioner no longer wishes to pursue this action, she may also file a notice of dismissal under Federal Rule of Civil Procedure 41(a).  A blank form notice of dismissal is attached for Petitioner's convenience.

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).