UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01899-SPG-AJR | Date | December 2, 2025 |
|---|---|---|---|
| Title | Johanna Delgado v. People of The State of California | | |

| Present: The Honorable | SHERILYN PEACE GARNETT, UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER DENYING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER, A PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION [ECF NO. 9]**

Before the Cout is the Ex Parte Application for a Temporary Restraining Order, a Preliminary Injunction, and Permanent Injunction, filed by Petitioner Johanna Delgado ("Petitioner"). (ECF No. 9 ("Application")). Having considered the Application, the relevant law, and the record in this case, the Court DENIES the Application without prejudice.

**I.   Background**

Petitioner, representing herself, filed a petition for writ of habeas corpus and accompanying memorandum on July 24, 2025. (ECF No. 1 ("Petition")); (ECF No. 2). According to the Petition, Petitioner is a pretrial detainee at the Robert Presley Detention Center awaiting trial on state criminal charges in Riverside County Superior Court, Case No. BAM2400286. *See* (Pet.). Petitioner appears to assert constitutional violations arising from her arrest, detention, and conditions of confinement against Defendant People of the State of California ("Defendant"). (*Id.*).

On September 16, 2025, Magistrate Judge Richlin issued an Order to Show Cause why he should not recommend to this Court that the action be dismissed without prejudice based on the doctrine of abstention and lack of exhaustion of state remedies. (ECF No. 4 ("OSC")). Specifically, Judge Richlin observed that the criteria for this Court to abstain under *Younger v. Harris* from intervening in Petitioner's pending state criminal proceeding appeared to be satisfied, and that Petitioner has not exhausted her state remedies before the California Court of Appeal. *See* (*id.* (citing 401 U.S. 37 (1971))). In response to the OSC, Petitioner filed series of documents requesting that Judge Richland take judicial notice of the files in her state criminal case and other documents on file with the Riverside County Superior Court, as well as certain certificates of registration. *See* (ECF Nos. 5-7). Petitioner also filed a declaration in which she asserts, in part, that she has been victimized by her attorney and various court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01899-SPG-AJR | Date | December 2, 2025 |
| Title | Johanna Delgado v. People of The State of California | | |

officials, among others, and requests that the Court "excuse[] [Petitioner] from having to exhaust her claims." (ECF No. 8 ("OSC Response") at 4); (OSC at 5).

On November 26, 2025, Petitioner filed this Application, requesting the Court enjoin Defendant and its agents from acting to deprive her of "her rights within colors of law," "intangible right to honest services, "intangible 5th and 6th amendment right to fair trial," and right "to be adequately represented by counsel of her choice." (App. at 1). In particular, Petitioner seeks to enjoin proceedings set to begin on December 8, 2025, such as a Trial Readiness Conference regarding Petitioner's Mental Competency. (*Id.* at 2). Petitioner has not filed proofs of service of either the Complaint or Application, nor has Defendant appeared in the case.

## II. Legal Standard

Fed. R. Civ. P. 65(b) governs temporary restraining orders ("TRO"). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Similarly, the purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered. *See U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010).

The propriety of a temporary restraining order, in particular, hinges on a significant threat of irreparable injury, *Simula, Inc. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999), that must be imminent in nature, *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Thus, a court may issue a TRO only if the plaintiff establishes "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter*, 555 U.S. at 20).

When a TRO is filed as an ex parte application, the moving party must "establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." *Mission Power Eng.'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The party seeking ex parte relief must "show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that the moving party is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

## III. Discussion

As a threshold matter, the Court lacks authority to grant relief in the form of a temporary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01899-SPG-AJR | Date | December 2, 2025 |
| Title | Johanna Delgado v. People of The State of California | | |

restraining order where it does not have jurisdiction over the parties. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted)); *Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating the district court's order granting preliminary injunction for lack of personal jurisdiction).

Federal Rule of Civil Procedure 4 ("Rule 4") governs service of process and the filing of proofs of service of process in federal civil cases. Fed. R. Civ. P. 4. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule 4]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4(a)(1) provides that a summons must "name the court and the parties," "be directed to the defendant," "state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff," "state the time within which the defendant must appear and defend," "notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint," "be signed by the clerk," and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(A)–(G). When serving a state or local government, a copy of the summons and complaint must be delivered to the state's chief executive officer or served "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)–(B).

The docket does not reflect that Petitioner properly served Defendant in this case in compliance with Rule 4. Consequently, this Court lacks jurisdiction over Defendant and will not grant the injunctive relief Petitioner seeks. *See Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also* Fed. R. Civ. P. 65(d). Because this Court lacks jurisdiction over Defendant from whom Petitioner seeks injunctive relief, the Court denies the motion. *See Smith v. Oreol*, No. 17-cv-1135-JFW-KK, 2017 WL 11296962, at *2 (C.D. Cal. June 23, 2017) (denying motion for preliminary injunction as premature because the court lacked jurisdiction over the defendants who had not been served with a summons and complaint); *Carey v. Superior Ct. of California, et al. Additional Party Names: Cnty. of Riverside, Estella Massey, Hon. John M. Monterosso, Hon. Stephen Gallon, Sw. Just. Ctr.*, No. 5:25-cv-01682-SPG-MAR, 2025 WL 2670867 (C.D. Cal. July 11, 2025) (same).

Even if the Court had jurisdiction over Defendant, Petitioner has not addressed why a TRO is necessary to avoid any irreparable harm. Petitioner asserts that "[D]efendant's threatened unlawful retaliatory actions [] are currently set to begin December 8, 2025," (App. at 2). From the Court's review of Petitioner's proceedings in Riverside Superior Court, December 8, 2025, is the date for Petitioner's Trial Readiness Conference re Mental

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01899-SPG-AJR | Date | December 2, 2025 |
| Title | Johanna Delgado v. People of The State of California | | |

Competency pursuant to PC 1369.[1] However, Petitioner has not explained how this Mental Competency Conference will result in "immediate and irreparable injury, loss, or damage" to her or cited to legal authority indicating that the Conference is unlawful. *See* Fed. R. Civ. P. 65(b). Thus, without the necessary showing of irreparable harm, the Court will not address the merits of the Application. *See Mission Power Eng'g Co.*, 883 F. Supp. at 492.

### IV. Conclusion

For the foregoing reasons, the Court DENIES the Application.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   pg

---

[1] As Petitioner's proceedings before Riverside Superior Court are the subject of the Application, the Court takes judicial notice of these proceedings. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").