**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.       5:25-cv-01899-SPG-AJR                    Date:  April 15, 2026
                                                        Page 1 of 4

Title:       Johanna Delgado v. People of The State of California

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Ashley Silva | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

**I.    BACKGROUND**

On July 24, 2025, *pro se* Petitioner Johanna Delgado ("Petitioner"), filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Dkt. 1 at 1.)[1] Petitioner seeks a court order directing the Riverside County Superior Court or prosecutor to dismiss the then-pending state misdemeanor charges against her in Case No. BAM2400286.  (Id. at 2, 7.)  Petitioner also requests that this Court "arrest and charge all those involved in th[e] grave conspiracy against [her] rights" and "have the bail bond company return [her] $2,000 payment for the two bonds which arose as a result."  (Id.) For the reasons discussed below, the Court appears to lack jurisdiction over the action.

---

[1] Because the Petition, attachments thereto, and separately filed Memorandum of Points and Authorities do not bear consecutive numbers, the Court uses the CM/ECF pagination.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.       5:25-cv-01899-SPG-AJR                    Date:  April 15, 2026
                                                        Page 2 of 4

Title:          <u>Johanna Delgado v. People of The State of California</u>

## II.     LEGAL STANDARD

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party."  U.S. Const. art. III, § 2.  The Supreme Court has explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them."  <u>De Funis v. Odegaard</u>, 416 U.S. 312, 316 (1974) (internal quotation marks omitted).  Where a federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed.  <u>See, e.g.</u>, <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)).  "Mootness is a question of law, and federal courts must consider mootness *sua sponte*."  <u>Wallingford v. Bonta</u>, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted).  If a case is moot, the court lacks subject matter jurisdiction and must dismiss the action.  <u>See</u> <u>Burnett v. Lampert</u>, 432 F.3d 996, 999 (9th Cir. 2005) ("Mootness is jurisdictional.").

In the habeas context, a petition brought under 28 U.S.C. § 2241 must present a live controversy throughout the litigation.  <u>See</u> <u>Spencer</u>, 523 U.S. at 7; <u>Lewis v. Cont'l Bank Corp.</u>, 494 U.S. 472, 477-78 (1990).  Where a petitioner challenges only the legality or duration of detention, the petition becomes moot once the petitioner is released from custody or removed, unless the petitioner demonstrates continuing "collateral consequences" that are likely to be redressed by a favorable judicial decision.  <u>See</u> <u>Spencer</u>, 523 U.S. at 7 ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now–ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained.").

## III.    DISCUSSION

The instant Petition challenges Petitioner's arrest and subsequent prosecution of misdemeanor charges.  (Dkt. 1 at 2.)  The relief Petitioner sought was for the Court to enter an order directing the Riverside County Superior Court or prosecutor to dismiss the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.        5:25-cv-01899-SPG-AJR                    Date:  April 15, 2026
                                                        Page 3 of 4

Title:          Johanna Delgado v. People of The State of California

state misdemeanor charges against her in Case No. BAM2400286.  (Id. at 2, 7.)  However, according to the Riverside County Superior Court's online public database, the state misdemeanor charges in Case No. BAM2400286 were dismissed on March 30, 2026.[2] Consequently, Petitioner is no longer in pretrial custody, rendering her habeas petition moot.  See, e.g., Veltmann-Barragan v. Holder, 717 F.3d 1086, 1089 (9th Cir. 2013) ("Because Veltmann is not in custody for purposes of § 2241, the district court lacked jurisdiction to consider her habeas petition."); Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir.1997) ("Because [the petitioner] has been released[,] . . . we can no longer provide him the primary relief sought in his habeas corpus petition.")  Moreover, Petitioner's request for an order directing the bail bond company to return her $2,000 does not give rise to a "collateral consequence" because California Penal Code 1384 provides that "[i]f the judge . . .  directs the action to be dismissed, the defendant['s] . . . bail is exonerated, or money deposited instead of bail must be refunded to [her] . . . ."  Cal. Penal Code § 1384.

**IV.     CONCLUSION**

        Based on the foregoing, Petitioner is **ORDERED TO SHOW CAUSE** on or before **May 6, 2026**, why this Court should not recommend that this action be dismissed without prejudice for lack of jurisdiction based on mootness.  **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why this action is not moot.**

        If Petitioner agrees that this action is now moot, she may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure

---

[2] The Court takes judicial notice that this state misdemeanor case was dismissed on March 30, 2026, available at https://epublic-access.riverside.courts.ca.gov/public-portal/. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record"); Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (A court may take judicial notice of "public record, including documents on file in federal or state courts." (internal citations omitted)).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      5:25-cv-01899-SPG-AJR                    Date:  April 15, 2026
                                                        Page 4 of 4

Title:        Johanna Delgado v. People of The State of California

41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

        IT IS SO ORDERED.


Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).