**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOHANNA DELGADO,

Petitioner,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

Respondent.

Case No. 5:25-cv-01899-SPG-AJR

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, (ECF No. 1 ("Petition")), the records and files herein, the Report and Recommendation of the United States Magistrate Judge, (ECF No. 29 ("Report")), and Petitioner Johanna Delgado's Objections to the Report and Recommendation, (ECF No. 31 ("Objections")). The Court conducted a *de novo* review of those portions to which Petitioner has objected.

The Report recommends dismissal of the Petition because the Court lacks jurisdiction to grant Petitioner's requested relief. *See* (Report). Petitioner raises four claims in her Petition: (1) that she was improperly arrested without a warrant in Riverside County Superior Court; (2) that officers with the Riverside County Sheriff's Department were hostile and aggressive towards her, in retaliation for filing a rape report against the Deputy Sheriff; (3) ineffective assistance of counsel by her appointed counsel in Riverside County Superior Court; and (4) malicious prosecution. (Pet. at 6–7). As relief, Petitioner

requests the Court order the Riverside County Superior Court or prosecutor to dismiss the state misdemeanor charges against her and compel a bail bond company to return a $2,000 payment made after she was falsely arrested. (*Id.* at 2, 7).

The Report concludes that because Petitioner is no longer in pretrial custody, based on the Riverside County Superior Court's online public database, the Petition is moot. *See* (Report at 4). In addition, the Report concludes that the Court lacks jurisdiction to order a bail bond company to return $2,000 to Petitioner because the bail bond company is not named as a party to the case. *See* (*id.* at 5–6). Further, the Report addresses a request made in Petitioner's response to Order to Show Cause Why This Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction, (ECF No. 22 ("Petitioner Declaration")), wherein Petitioner requests the Court seal state court records and reverse a state court decision declaring her a vexatious litigant. (*Id.* at 7–9). The Report concludes that the Court lacks authority to grant Petitioner's requests because federal courts lack jurisdiction to issue a writ of mandamus to a state court, or compel a state court, to seal state court records, and a plaintiff may not challenge a vexatious litigant order entered in state court as a "de facto appeal" in federal court. (*Id.* at 7–8).

Petitioner's objections to the Report do not merit a different outcome. Petitioner raises two primary objections to the Report. First, Petitioner argues that her appointed counsel in the Riverside County Superior Court proceeding failed to provide competent counsel. *See* (Obj. at 3). Second, Petitioner asserts that the judicial officers who adjudicated her cases, Judge Scott P. Williams on the Riverside County Superior Court and Magistrate Judge A. Joel Richlin, were prejudiced against her in a manner as to deny her due process under the Fourteenth Amendment and have either dismissed or recommended dismissal of her legal proceedings as acts of retaliation. *See* (*id.* at 3–6). These objections restate previously presented arguments considered for the Report and fail to articulate the legal or factual bases for these objections. *See* (Report at 2–3); (Petitioner Declaration).

Moreover, the Court agrees with the Report that it lacks jurisdiction to grant Petitioner's requested relief, and Petitioner has not objected to the Court's lack of

jurisdiction. *See* (Report); (Obj.). Based on the alleged due process violations in Riverside County Superior Court, Petitioner requests that this Court order the Riverside County Superior Court to dismiss the state misdemeanor charges against her, order sealing of certain state court medical records, and reverse a decision declaring her a vexatious litigant. *See* (Pet. at 6–7); (Petitioner Declaration). Petitioner also requests this Court issue an order compelling a bail bond company, a non-party to the case, to return a $2,000 payment made after she was falsely arrested. (Pet. at 7). As described in the Report, the Court is without authority to dismiss charges that are already dismissed in the underlying proceeding. (Report at 5). Principles of comity dictate that a federal court defers to a state court to determine whether certain records should be sealed. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) (federal courts should generally abstain from interfering with state court proceedings). In addition, district courts lack jurisdiction under the *Rooker-Feldman* doctrine "to entertain a challenge [to] the state court's order declaring [plaintiff] a vexatious litigant" because such an order is a forbidden de facto appeal of a state court judgment. *Bashkin v. Hickman*, No. 07CV0995-LAB(CAB), 2009 WL 411794, at *3 (S.D. Cal. Feb. 13, 2009), *aff'd*, 411 F. App'x 998 (9th Cir. 2011). Lastly, the Court lacks jurisdiction to direct the actions of non-parties. *See Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties."). Accordingly, the Court accepts the Report recommending dismissal of the Petition for lack of jurisdiction.

IT IS ORDERED that the Petition is DENIED and this action is DISMISSED WITHOUT PREJUDICE. Judgment shall be entered forthwith.

**IT IS SO ORDERED.**

DATED: September 8, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE